1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                        EASTERN DISTRICT OF WASHINGTON

7

DUNCAN J. McNEIL,                          )
8                                          )
                                           )
9                                          )
                      Plaintiff,           )        No.   CV-05-211-AAM
10                                         )
          vs.                              )
11                                         )        **ORDER OF DISMISSAL,**
                                           )        *INTER ALIA*
12                                         )
                                           )
13                                         )
UNITED STATES, et al.,                     )
14                                         )
                                           )
15                                         )
                      Defendants.          )
16  _____)

17        In yet another effort to circumvent the pre-filing review orders issued by this court,

18  plaintiff filed an action in the United States District Court for the Middle District of Florida.  That

19  action has now been transferred here and assigned case number 05-211-AAM.  The court further

20  understands that plaintiff has filed complaints in up to 70 different judicial districts throughout

21  the nation, all of which could wind up being transferred here since proper venue does not exist in

22  those districts and any allegation by plaintiff to the contrary is wholly frivolous.  In a vain attempt

23  to establish venue in the Middle District of Florida, the plaintiff names as defendants numerous

24  federal agencies located in the Middle District of Florida which have absolutely no connection to

25  the matters involving the plaintiff in the Eastern District of Washington.

26        The "verified complaint" filed in 05-211 is nearly identical to the complaint that was filed

27  in the United States Court for the District of Columbia, transferred here, assigned case number

28  05-200-AAM, and then dismissed by an order dated July 11, 2005 (Ct. Rec. 5 in 05-200-AAM).

**ORDER OF DISMISSAL -**               **1**

1  The reasons set forth in that order also justify dismissal with prejudice of the complaint filed in
2  this matter.

3      In the complaint filed in the captioned matter, plaintiff makes a "conclusory" allegation
4  that he is in imminent danger of serious physical injury.  This is insufficient to demonstrate that
5  plaintiff is, in fact, in imminent danger of physical injury.  What it demonstrates is that plaintiff is
6  a seasoned vexatious litigant who has read 28 U.S.C. §1915(g) and is manipulating it to serve his
7  ends.

8      Further proof of plaintiff's vexatiousness is obviously evidenced by the flood of
9  complaints he has filed in other judicial districts in which venue is improper.  Attached to this
10 "Order Of Dismissal" are copies of the pre-filing review orders this court has entered against the
11 plaintiff which attest to his history of vexatious litigation in this court and in other courts.
12 ("Order Denying Motions, *Inter Alia*" filed in 04-358-AAM, Ct. Rec. 18, and "Order Denying
13 Motions, *Inter Alia*" filed in 04-371-AAM, Ct. Rec. 25).  A copy of the "Order Of Dismissal,"
14 along with attachments, will be sent to the District Executive of every judicial district in the
15 country so as to notify those courts of plaintiff's vexatiousness and encourage *sua sponte*
16 dismissal of his complaints for improper venue, rather than transfer to this district.  28 U.S.C.
17 §1406(a).  See *Stich v. Rehnquist*, 982 F.2d 88, 89 (2nd Cir. 1992).  When cases have been filed in
18 other districts and then transferred here, this court is compelled to open up its own file with the
19 result being that plaintiff has managed to evade pre-filing review in this district.  It is also
20 important that other judicial districts know of the plaintiff's vexatiousness in order to protect
21 themselves from a deluge of frivolous and abusive filings by the plaintiff.  Other districts may
22 deem it necessary to enter their own pre-filing review orders regarding the plaintiff.

23     Enough is enough, however, in this district.   Prior to this recent deluge of filings in other
24 judicial districts, plaintiff received "three strikes" in this district under 28 U.S.C. §1915(g).  (See
25 "Order To Show Cause" filed in 04-371-AAM at Ct. Rec. 10).  The result of that was plaintiff
26 could not file any more civil actions *in forma pauperis* unless he demonstrated "imminent danger
27 of serious physical injury."  As discussed above, plaintiff is under the faulty impression that all he
28 needs to do is make a conclusory allegation that he is in "imminent danger of serious physical

**ORDER OF DISMISSAL -           2**

1  injury" and that will be enough to allow filing of his complaints and consideration of all the

2  grievances contained therein, including those which have nothing to do with any "imminent

3  danger of serious physical injury." The plaintiff is mistaken and his most recent round of abusive

4  and frivolous filings in various judicial districts throughout the nation will result in him being

5  barred from filing any civil actions *in forma pauperis* in this district. *In re Demos*, 925 F.2d 1160

6  (9th Cir. 1991), *cert. denied* 498 U.S. 1123, 111 S.Ct. 1082 (1991).

7  Plaintiff has abused the writ of habeas corpus in a similar manner. (See "Order To Show

8  Cause filed in 04-358-AAM at Ct. Rec. 5). He fails to understand that he is not in federal custody

9  and therefore he cannot pursue relief under 28 U.S.C. §2255. (Ct. Rec. 5 in 04-280-AAM). He

10 fails to understand that he needs to exhaust all state court remedies before he can pursue habeas

11 corpus relief under §2254 due to his state custody. Accordingly, he will be barred from any type

12 of habeas petition, unless it is accompanied by the modest $5 filing fee.

13 The United States Supreme Court explained it best in *In re Sindram*, 498 U.S. 177, 179-

14 80, 111 S.Ct. 596 (1991):

15            The goal of fairly dispensing justice . . . is compromised when
             the Court is forced to devote its limited resources to the processing
16           of repetitious and frivolous requests. *Pro se* petitioners have a
             capacity greater than most to disrupt the fair allocation of judicial
17           resources because they are not subject to the financial considerations
             - filing fees and attorney's fees- that deter other litigants from filing
18           frivolous petitions. The risks of abuse are particularly acute with
             respect to applications for extraordinary relief, since such petitions
19           are not subject to any time limitations, and theoretically, could be
             filed at any time without limitation. In order to prevent frivolous
20           petitions for extraordinary relief from unsettling the fair administration
             of justice, the Court has a duty to deny *in forma pauperis* status to
21           those individuals who have abused the system.

22 Accordingly **IT IS HEREBY ORDERED**:

23 1) The complaint in the captioned matter is **DISMISSED with prejudice**.

24 2) **The District Executive of the Eastern District of Washington shall not accept for**

25 **filing from Duncan McNeil any civil actions or habeas corpus petitions of any kind, unless**

26

27

28

**ORDER OF DISMISSAL -**              **3**

1   **accompanied by the appropriate filing fee.[1]  Any materials sent to the court without the**

2   **appropriate filing fee will not be returned to the plaintiff.**

3        3)  Plaintiff shall not be allowed to  file any further documents in the captioned matter,

4   with the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals.  If plaintiff

5   chooses to appeal, this order serves as this court's notice that the appeal is not taken in good faith

6   and will not be certified for appeal by this court.  28 U.S.C. §1915(3) and Fed. R. App. P. 24(a).

7        **IT IS SO ORDERED**.  The District Executive shall forward a copy of this order to

8   plaintiff McNeil and to the District Executives of every judicial district in the nation.

9        **DATED** this __9th____ of August, 2005.

10

11        s/ Alan A. McDonald
        ALAN A. McDONALD
        Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [1]  Should plaintiff tender the appropriate filing fee, he still remains subject to the court's
     sanctioning authority for any abuses.

**ORDER OF DISMISSAL -          4**